MICHAEL SOSNOWSKI, PLAINTIFF, v. FARMERS MUTUAL
FIRE INSURANCE COMPANY OF WARREN COUNTY,
DEFENDANT.

Decided December 23, 1926.

Appeals—Order to Nolle Pros For Failure to Prosecute—Plaintiff
Had Given Notice of Appeal to Court of Errors and Appeals
From an Order of Supreme Court, Making Absolute a Rule
to Show Cause Why a New Trial Should Not be Granted—
Communications Examined and Held, That no Assurance
of Defendant That Motion to Dismiss Would Not be Pressed
was Given

For the plaintiff, *Joseph T. Liehblich.*

For the defendant, *King & Vogt.*

PER CURIAM.

This is an application to set aside an order of *nolle pros*
for failure to prosecute, made on the opening day of the
present term, in the above-entitled action. The ground upon
which the application is made is that the plaintiff had given
notice of appeal to the Court of Errors and Appeals from an
order of the Supreme Court making absolute a rule to show
cause why a new trial should not be granted (the plaintiff
in the court below having obtained a verdict and judgment
thereon), and that he conceived that the defendant would
not press the motion for *nolle pros.*

The communications between the parties bearing upon the
subject are in writing, and an examination of them convinces
us that the plaintiff had no justification for this attitude of
mind, and was in nowise misled by any act of counsel for the
defendant. The latter had given notice of a motion to dis-
miss and this motion was never withdrawn. It is true that
counsel for the plaintiff had given notice of an appeal as above
stated, but his right to appeal from such an order was at
once challenged by his adversary on the ground that such an

appeal would not lie.  No assurance was given that the motion to dismiss would be withdrawn, or that it would not be pressed.  We think the present position of the plaintiff is due entirely to his own default.

The motion to vacate the order of *nolle pros* is denied.